# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## COMMERCIAL SAVINGS AND LOAN CORPORATION v. S. V. KEMP, TRUSTEE, ET ALS.

### November 17, 1927.

1. MORTGAGES AND DEEDS OF TRUST—*Priorities—Subsequent Judgments Against One of the Grantors—Family Settlement—Cast at Bar.*—An intestate and his wife were the joint owners of certain real property. At the intestate's death his interest in the property descended to his children subject to the dower right of his widow. The widow and the surviving children executed a deed of trust conveying all their interest to a trustee to secure payment of a bond of even date made by the widow. The deed provided that the widow should be allowed possession of the property during her life and that upon her death the real estate should be sold and the proceeds applied to the payment of the costs of executing the trust, to the payment of the burial expenses of the widow; to the payment of the bond above mentioned, and the net residue then remaining to be distributed among the surviving children. Several years after the recording of this deed of trust appellant recovered judgments against the widow and had them docketed.

   *Held:* That the deed of trust was not one purely to secure the payment of money; that there was no surplus in the hands of the trustee after the payment of the debt secured, because the deed made final disposition of every dollar realized, and appellant's judgments could attach as liens only to the interest of the widow, and as her entire interest terminated at her death, there was nothing to which the judgments could attach.

2. MORTGAGES AND DEEDS OF TRUST—*Family Settlement—Case at Bar.*— In the instant case an intestate and his wife were joint owners of a parcel of realty. Upon the death of the intestate the widow and his surviving children executed a deed of trust on the property to secure a bond given by the widow, and providing that the widow should retain possession of the property during her life and for a sale at her death and a final disposition of the proceeds of such sale. Such deed of trust was in effect a family settlement entered into by competent parties touching a lawful subject matter and was binding upon all parties thereto, and, when recorded, upon all purchasers from and creditors of the parties.

3. MORTGAGES AND DEEDS OF TRUST—*Judgment Creditors—Priorities— Case at Bar.*—A judgment creditor can stand on no higher ground than his debtor.  In the instant case the notes upon which appellant's judgments against its debtor were obtained were executed two years after a trust deed of the debtor of a parcel of real estate was delivered and recorded, and her conveyance of her interest in the real estate is binding upon the appellant.

4. MORTGAGES AND DEEDS OF TRUST—*Proceeds of Sale—Debts of Grantor.*— Where a deed of trust is given simply to secure the payment of a debt, and where the deed is silent as to what disposition shall be made of the surplus, the title to the equity of redemption is vested in the grantor and can be subjected to the payment of his debts. But this rule has no application to the instant case where the deed of trust made a final disposition of the surplus.

Appeal from a decree of the Circuit Court of Amherst county.   Decree for defendants.   Complainant appeals.

*Affirmed.*

The opinion states the case.

*Peyton R. Evans,* for the appellant.

*Wilson, Kemp & Hobbs,* for the appellees.

WEST, J., delivered the opinion of the court.

On October 7, 1912, A. L. Franklin and Elizabeth J. Franklin, his wife, became the joint owners in equal shares, in fee simple, of one acre of land and the buildings and improvements thereon, located east of Monroe, in Amherst county, Virginia.   In 1913, A. L. Franklin died intestate, and his interest in the property descended to his six children, Annie Pearl Jordon, Angie V. Steen, Ruby Green, Allie R. Franklin, Ottie T. Franklin and Dallas M. Franklin, subject to the dower right therein of his widow, Elizabeth J. Franklin.   In 1915, Dallas M. Franklin departed this life, intestate,

and his one-twelfth interest in the entire parcel of land descended to his widow, Ruby Vaughan Franklin, and his three infant children, Mary, William and Dorothy Franklin, subject to the dower right of Dallas' mother.

On July 10, 1919, Elizabeth J. Franklin and the five surviving children conveyed their eleven-twelfths interest in the property to S. V. Kemp, trustee, with general warranty, for certain purposes specified in the deed.

The deed provides as follows:

"But this conveyance is upon this trust, nevertheless, to secure a bond made by the said Elizabeth J. Franklin bearing even date herewith for the sum of $303.00 and interest thereon at the rate of six per centum per annum from the date hereof payable to said O. T. Franklin upon the death of the aforesaid Elizabeth J. Franklin.

"And upon this further trust that the said Elizabeth J. Franklin shall be permitted and allowed to remain in possession of said real estate and have the use of the same for and during the period of her natural life.

"After the death of the said Elizabeth J. Franklin the said trustee shall, at the request of the said O. T. Franklin, sell the aforesaid real estate by way of public auction on the premises, and the proceeds thereof shall be applied and distributed as follows:

"1st. To the payment of the costs of executing the trusts herein declared, including the costs of executing and recording this deed of trust if the same shall not have been theretofore paid to the said O. T. Franklin.

"2nd. The residue in hand shall be by the said trustee, so far as necessary, applied to the payment of the burial expenses of the said Elizabeth J. Franklin; and

"3rd. The residue thereafter in hand shall, so far as necessary, be applied to the payment of the aforesaid bond, principal and interest; and

"4th. The net residue in hand shall be distributed equally to the aforesaid Annie P. Jordan, Angie V. Steen, Ruby Green, O. T. Franklin, and Allie R. Franklin.

"It is understood between the parties hereto that the interests of the three infant children of Dallas M. Franklin, a deceased son of the said A. L. Franklin, and heretofore inherited by them, are not conveyed or affected by this deed."

This trust deed was duly recorded in the clerk's office of Amherst county, on July 30, 1919.

In 1926, the Commercial Savings and Loan Corporation recovered judgments, aggregating $583.78, against Elizabeth J. Franklin and had them docketed in the Amherst county clerk's office on January 28th of that year.

Mrs. Elizabeth J. Franklin died in February, 1926, leaving her children and grandchildren above named as her sole distributees and heirs at law.

O. T. Franklin requested that the real estate be sold by the trustee, and on April 19, 1926, S. V. Kemp, trustee, and the five children of Mrs. Franklin filed a bill in the Circuit Court of Amherst county against the widow and children of Dallas M. Franklin, deceased, and W. D. Diuguid, Incorporated, undertakers, for the sale of the real estate conveyed to S. V. Kemp, trustee, by the deed of July 10, 1919, for partition, and for the application and distribution of the proceeds of the sale in accordance with the rights of the parties as set forth in said deed.

A decree was entered directing S. V. Kemp, commissioner, to sell the property. O. T. Franklin became

the purchaser, and, on June 14, 1926, the sale was confirmed to him at $2,100, and the commissioner was ordered, out of the proceeds of sale of eleven-twelfths of the land conveyed to S. V. Kemp, trustee, to pay the burial expenses of Elizabeth J. Franklin and the amount due O. T. Franklin upon the $303 bond.

On June 25, 1926, the Commercial Savings and Loan Corporation, the appellant, filed its petition in this suit setting up its several judgments against the estate of Elizabeth J. Franklin, deceased, and praying that the liens of said judgments be enforced against the proceeds of the sale of her shares in said real estate. All proper parties were made parties defendant to the petition and answered the same.

After a hearing on an agreed statement of facts, the petition and answers thereto, a decree was entered on December 20, 1926, dismissing the petition. From that decree an appeal was allowed to this court.

The only assignment of error is the action of the court in entering this decree.

Appellant contends that the deed of trust is purely one to secure the payment of money; that the language of the deed does not constitute a charge against the estate of Mrs. Elizabeth J. Franklin for the payment of her burial expenses, nor grant any right to the five children mentioned in clause 4 of the deed; that a court of equity cannot administer the funds under its control according to the directions to the trustee, and that the contract between Mrs. Franklin and her children does not defeat the interest of a judgment lien creditor.

[1] It plainly appears from the language of the deed of trust that it is *not* purely one to secure the payment of money. The grantors convey all their right, title and interest in and to the real estate to the trustee

upon the further trust that Elizabeth J. Franklin shall be allowed to remain in possession of the same and enjoy the use thereof for the period of her natural life. The deed provides in terms that upon her death the real estate shall be sold and the proceeds of the sale applied, (1) to the payment of costs of executing the trust; (2) to the payment of the burial expenses of Elizabeth J. Franklin; (3) to the payment of the bond held by O. T. Franklin, and (4) the net residue then remaining to be distributed equally among Annie P. Jordan, Angie V. Steen, Ruby Green, O. T. Franklin and Allie R. Franklin.

Appellant's contention is based upon the idea that there was a surplus belonging to Mrs. Franklin, remaining in the hands of the trustee after the payment of the debt secured, but there is no surplus since the deed makes final disposition of every dollar which was realized from the sale of the property.

Appellant's judgments could attach as liens only to the interest of Mrs. Franklin, and as her entire interest in the real estate terminated at her death, there was no property or money to which they could attach.

[2] The deed of trust in question is in effect a family settlement entered into by competent parties touching a lawful subject matter and is binding upon all parties thereto, and, when recorded, upon all purchasers from and creditors of the parties.

[3] A judgment creditor can stand on no higher ground than his debtor. The notes upon which appellant's judgments against Mrs. Elizabeth J. Franklin were obtained were executed two years after the trust deed was delivered and recorded, and her conveyance of her interest in the real estate is binding upon the appellant.

[4] Appellant cites a number of cases in an effort

to sustain his contentions. Several of them are cases where deeds of trust were given to simply secure the payment of a debt, and where the deed was silent as to what disposition should be made of the surplus. In such cases the title to the equity of redemption is vested in the grantor and can be subjected to the payment of his debts. Other cases are also relied on which are likewise not in point. We deem a review of these cases unprofitable.

The merits of the case are clearly with the appellees, and the decree is plainly right and will be affirmed.

*Affirmed.*